UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE:
NICOLE ENERGY SERVICES, INC.,

    Debtor.

_____

**FREDDIE L. FULSON,**

    Appellant,                           Case No. 2:08-cv-478
                                              JUDGE GREGORY L. FROST

  v.

**LARRY J. MCCLATCHEY,**                Bankruptcy Court:
                                              Case No. 2:03-bk-67484
                                              Judge John E. Hoffman, Jr.

    Trustee/Appellee.

**OPINION AND ORDER**

       This matter is before the Court for consideration of Appellant's motion for a stay (Doc. # 15), Appellee's memorandum in opposition (Doc. # 17), and Appellant's reply memorandum (Doc. # 19). For the reasons that follow, the Court finds the motion not well taken.

       It is somewhat unclear in his motion precisely what Appellant, who is proceeding *pro se*, seeks to stay. When read in conjunction with Appellant's reply memorandum, it appears that the motion generally seeks to stay the entirety of the underlying case in the bankruptcy court, as well as obtaining relief on the merits of the appeal. The motion more specifically addresses a stay of an April 14, 2008 Order Authorizing and Approving the Trustee's Sale Motion. (Doc. # 1-112.)

As grounds for the requested stay, Appellant asserts that a settlement sale has not been made as the Appellee has represented and that an amount that a jury would award his company would exceed the amount for which the appellee/trustee settled an underlying legal dispute. Appellant also asserts that the appellee/trustee has engaged in fraud and apparent collusion with creditors, and that the bankruptcy judge has not acted impartially or fairly toward him. Appellant states that the conduct of the appellee/trustee and the bankruptcy judge constitutes civil rights violations, in part because the bankruptcy judge "would not see that a black business could not be reorganized under a white trustee."  (Doc. # 19, at 9.)

Appellee opposes the motion for a stay.  He argues that it is unclear what relief Appellee is requesting, but asserts that to the extent that the motion requests a stay of the April 14, 2008 Order Authorizing and Approving the Trustee's Sale Motion, such a request is moot because Appellee has completed the sale as approved by the bankruptcy court.  To the extent that Appellant seeks a stay of the entire bankruptcy proceedings, Appellee points to the limited effect an appeal has and notes that the bankruptcy court has jurisdiction to continue with the underlying proceeding.

Having reviewed the parties' arguments and the record, the Court concludes that no stay is warranted.  Neither Bankruptcy Rule 8005, 8017, nor 8018(b) compel this Court to provide Appellant with the relief he seeks.  Much of Appellant's briefing asks this Court to decide the merits of his appeal in his favor, terminate and sanction Appellee as the trustee, and remand the case back to state court for a jury trial.  These requests constitute the apparent relief that Appellant seeks in the appeal and are inappropriate for a motion for a stay.  To the extent that Appellant requests the foregoing relief in his motion, the Court rejects that aspect of the motion.

2

To the extent the motion simply requests at least a stay of the April 14, 2008 Order Authorizing and Approving the Trustee's Sale Motion, that request must also fail.  There is no basis to conclude that Appellant will prevail on the merits of his appeal so as to support issuance of even a limited stay.  As the bankruptcy court noted in its April 24, 2008 denial of a stay (Doc. # 1-124), Appellant's arguments for a stay are "unclear and without basis in law or in fact." (Doc. # 1-124, at 4.)  Moreover, contrary to Appellant's assertions that there is no support that the sale has been concluded–he asserts that Appellee has failed to produce evidence of the sale–the record that Appellant himself caused to be filed with this Court includes a May 6, 2008 Trustee's Report of Sale that indicates that the sale was completed on April 25, 2008.  (Doc. # 1-127.)  Appellant thus appears to be seeking to prevent that which has already occurred.

The Court therefore **DENIES** Appellant's motion for a stay.  (Doc. # 15.)

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE